UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON STEELE,
an Individual,

                                                 Case No. 2:12-cv-14374
                                               Hon.
         Plaintiff,

v.

HAMILTON CHEVROLET, INC.,
a Domestic Profit Corporation,
GENERAL MOTORS CORPORATION, a Delaware Corporation,
and CUONE #1, LLC a/k/a CREDIT UNION ONE,  Jointly and Severally,

         Defendants.
_____/
**Law Offices of Daniel C. Flint, P.C.**
Daniel C. Flint (P73983)
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 351-2683
info@danielcflint.com
_____/

## COMPLAINT AND JURY DEMAND

*Plaintiff, Jason Steele, states the following claims for relief:*

### INTRODUCTION

1. This complaint is filed for violations of the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq;* for violations of the Michigan Lemon Law, M.C.L. § 257.1401 *et seq.;* for Breach of Contract, M.C.L. 440.2711; for Breach of Warranty, § 440.2714; for Revocation of Acceptance, M.C.L. § 440.2608, M.C.L. § 440.2711; for Repudiation, M.C.L. 440.2711; for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* and for violations of the Motor Vehicle Sales Finance Act, M.CL. 492.101 *et seq.*

## *JURISDICTION*

2. This court has original jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *ef seq;* as the amount in controversy is in excess of $50,000.00.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

## *PARTIES*

4. The Plaintiff to this lawsuit is Jason Steele ("Mr. Steele") who resides at ▮▮▮▮ Meadow Creek Dr, New Baltimore, MI 48047.

5. The Defendants to this lawsuit are as follows:

   a. Hamilton Chevrolet, Inc. ("Hamilton") which is a corporation doing business in Michigan at 5800 14 Mile Road, Warren, MI 48092, and whose resident agent, Donald B. Hamilton, maintains its office at 5800 14 Mile Road, Warren, MI 48092, and which by statute and condition of licensing, may be served through the Secretary of State, Compliance and Rules Division, 208 N. Capitol, Lansing, MI 48918-2170.

   b. General Motors Corporation ("GM") is a Delaware Corporation authorized to do business in the State of Michigan and, at all times relevant, was engaged in the manufacture, sale distribution and/or importing of General Motors vehicles and related equipment, and whose resident agent, The Corporation Company, maintains its office at 30600 Telegraph Road, Suite 3275, Bingham Farms, MI 48025.

   c. CUONE #1, LLC a/k/a Credit Union One ("Credit Union One") which is a

corporation doing business in Michigan at, and whose resident agent, Gary A Moody, maintains its office at 400 East Nine Mile Rd., Ferndale, MI 48220, which is also the address of Credit Union One's company headquarters.

## *VENUE*

6. The transactions and occurrences which give rise to this action occurred in Macomb County.

7. Venue is proper in the Eastern District of Michigan.

## *GENERAL ALLEGATIONS*

8. Hamilton Chevrolet is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

9. Credit Union One is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

10. GM is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

11. On or about September 26, 2008, Mr. Steele went to the business place of Hamilton Chevrolet for the purpose of purchasing a vehicle.

12. On or about September 26, 2008, Mr. Steele executed a retail installment contract with Hamilton Chevrolet for a 2008 Chevrolet Avalanche, VIN# 3GNFK12358G295970 (''"the vehicle'').

13. The total sale price of the vehicle is $52,486.25.

14. The Vehicle is manufactured by the General Motors Corporation.

15. The retail installment contract is currently held by Credit Union One.

16. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 et seq.

17. Mr. Steele sent correspondence to GM and Hamilton informing them of the mechanical

problems and of the fact that, despite numerous attempts by the dealership, the problems were not fixed.

18. GM and Hamilton failed to repair the defects or provide any remedy.

19. Since the date of purchase the vehicle has suffered from substantial impairments including but not limited to the following mechanical defects:

    a. Defective engine which causes oil to be burned at an extraordinary and substantial rate, causing heavy blue smoke out of exhaust when accelerating, and causing a risk of engine malfunction during operation.

20. Each time Mr. Steele learned of the mechanical defect, he promptly notified Hamilton Chevrolet of the defect.

21. Over a 2 year period of time, Mr. Steele has taken the vehicle in for warranty repairs more than 7 times for this substantial impairment.

22. The defects in the vehicle were caused by design or manufacturing deficiencies attributable to GM and Hamilton.

23. Based on the frequency of breakdown, the vehicle's time out of service, the severity of the mechanical failures, the cost of warranty coverage, and amount of other expenses incurred during the limited time of ownership of the vehicle, the vehicle has been rendered unmerchantable, unfit, and of diminished value to Mr. Steele

24. Mr. Steele may properly rescinded, cancel, or otherwise terminated the contract of sale, thereby requiring GM, Hamilton Chevrolet and/or Credit Union One to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail installment sales contract.

25. Mr. Steele has suffered damages in excess $50,000.00 exclusive of court costs and

attorney's fees.

### COUNT I - Magnuson-Moss Warranty Act (Hamilton Chevrolet)

26. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

27. Mr. Steele is a consumer as defined in 15 U.S.C. § 2301(3).

28. Under 15 U.S.C. § 2301(a)(1), Hamilton Chevrolet, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

29. Hamilton Chevrolet has violated 15 U.S.C. § 2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

30. Mr. Steele has suffered damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. § 2304(d).

### COUNT II - Magnuson-Moss Warranty Act (GM)

31. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

32. Mr. Steele is a consumer as defined in 15 U.S.C. §2301(3).

33. GM is a supplier and warrantor as defined in 15 U.S.C. §230 1(4)(5).

34. The vehicle is a consumer product as defined in 15 U.S.C. §2301(6).

35. Under 15 U.S.C. §2301(a)(1), GM, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

36. GM has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

37. The vehicle was not merchantable or fit for its intended use.

38. Mr. Steele has suffered damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

*COUNT III - Violation of Michigan Consumer Protection Act (Hamilton Chevrolet)*

39. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

40. The facts set forth in this complaint establish that Hamilton has violated the following provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1):.

    a. (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    b. (q) Representing or implying that the subject of a consumer transaction will be provided promptly, or at a specified time, or within a reasonable time, if the merchant knows or has reason to know it will not be so provided.

    c. (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

    d. (u) Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

    e. (y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

41. Mr. Steele has suffered damages as a result of these violations of the Michigan Consumer

Protection Act

### *COUNT IV - Violation of Michigan Consumer Protection Act (GM)*

42. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

43. GM has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    f.  (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    g.  (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

    h.  (y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

    i.  (z) Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

44. Mr. Steele has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

### *COUNT V - Violation of Michigan Consumer Protection Act (Credit Union One)*

45. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

46. Pursuant to MCL 492.114a(b), Credit Union One is liable to Mr. Steele for GM and Hamilton Chevrolet's violation of the Michigan Consumer Protection Act.

47. Specifically, Credit Union One is liable because GM and Hamilton engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

   j. (e) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

   k. (s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

   l. (y) Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

   m. (z) Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

48. Mr. Steele has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

### COUNT VI – Lemon Law M.C.L. §257.1401 et seq (Hamilton Chevrolet)

49. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

50. The vehicle's value to Mr. Steele is impaired.

51. The vehicle has been subject to a reasonable number of repair attempts by Hamilton Chevrolet.

52. Mr. Steele has provided Hamilton Chevrolet with a last chance to repair the vehicle and render it conforming.

53. Hamilton Chevrolet has not successfully repaired the vehicle, rendered it conforming,

replaced the vehicle, or refunded the purchase price.

54. Mr. Steele has suffered damages as a result of this violation of the Lemon Law.

### COUNT VII – Lemon Law MC.L. §257.1401 et seq (GM)

55. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

56. The vehicle's value to Mr. Steele is impaired.

57. The vehicle has been subject to a reasonable number of repair attempts by GM.

58. Mr. Steele has provided GM with a last chance to repair the vehicle and render it conforming.

59. GM has not successfully repaired the vehicle, rendered it conforming, replaced the vehicle, or refunded the purchase price.

60. Mr. Steele has suffered damages as a result of this violation of the Lemon Law.

### COUNT VIII – Lemon Law M.C.L. §257.1401 et seq (Credit Union One)

61. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

62. Pursuant to MCL 492.114a(b), Credit Union One is liable to Mr. Steele for GM and Hamilton Chevrolet's violations of the Lemon Law.

63. The vehicle's value to Mr. Steele is impaired.

64. The vehicle has been subject to a reasonable number of repair attempts by Hamilton Chevrolet.

65. Mr. Steele has provided Hamilton Chevrolet with a last chance to repair the vehicle and render it conforming.

66. Hamilton Chevrolet has not successfully repaired the vehicle, rendered it conforming, replaced the vehicle, or refunded the purchase price.

67. Mr. Steele has suffered damages as a result of this violation of the Lemon Law.

### COUNT IX - Breach of Contract (Hamilton Chevrolet)

68. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

69. Hamilton Chevrolet's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery.

70. The failure of Hamilton Chevrolet to deliver conforming goods, and follow up services at the contract price constitutes a material breach of contract.

71. Mr. Steele has suffered damages as a result of this breach of contract.

### COUNT X - Breach of Warranties (Hamilton Chevrolet)

72. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

73. Hamilton Chevrolet has breached its warranty of merchantability.

74. Hamilton Chevrolet has breached its warranty of fitness for intended purpose.

75. Mr. Steele has suffered damages as a result of these breaches of warranty.

### COUNT XI - Breach of Warranties (GM)

76. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

77. GM has breached its warranty of merchantability.

78. GM has breached its warranty of fitness for intended purpose.

79. Mr. Steele has suffered damages as a result of these breaches of warranty.

### COUNT XII -- Breach of Warranties (Credit Union One)

80. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

81. Pursuant to MCL 492.114a(b), Credit Union One is liable to Mr. Steele for GM and Hamilton Chevrolet's Breach of Warranties.

82. Credit Union One has breached its warranty of merchantability.

83. Credit Union One has breached its warranty of fitness for intended purpose.

84. Mr. Steele has suffered damages as a result of these breaches of warranty.

### COUNT XIII - Repudiation (Hamilton Chevrolet)

85. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

86. There remain executory obligations relating to the purchase of the vehicle.

87. Mr. Steele demanded adequate performance in the last chance letter.

88. Hamilton Chevrolet failed or refused to provide assurances of its performance consistent with its obligations.

89. Hamilton Chevrolet's failure to provide assurances of its performance constituted a repudiation of its contract with Mr. Steele.

90. Mr. Steele has suffered damages as a result of this repudiation.

### COUNT XIV - UCC Revocation Of Acceptance (Hamilton Chevrolet)

91. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

92. The nonconformity of the vehicle could not have been reasonably discovered by Mr. Steele at the time Hamilton Chevrolet tendered delivery.

93. Mr. Steele would not have accepted the vehicle had he known that the vehicle was

nonconforming.

94. Hamilton Chevrolet has not made its tender of delivery conforming.

95. Mr. Steele has suffered damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance and Mr. Steele may revoke acceptance.

### COUNT XV -- Motor Vehicle Sales Finance Act (Credit Union One)

96. Mr. Steele re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

97. Under M.C.L. §492.114a, Credit Union One is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Steele for breach of warranty or contract of sale.

### JURY DEMAND

Plaintiff, Jason Steele, demands a jury trial in this case.

### REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

*a. Award damages, costs and attorneys fees in excess of $50,000.00 for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 et seq;*

b. *Assume jurisdiction over this case including all supplemental claims.*

c. *Award Plaintiff actual damages or $250.00 for each violation of the Michigan Consumer Protection Act, M.C.L. 445.901 et seq along with costs and attorneys fees;*

d. *Award relief as set forth under M.C.L. §257.1401 et seq.;*

e. *Award damages, costs and attorneys fees for Breach of Contract, M.C.L. §440.271 1;*

f. *Award damages, costs and attorneys fees for Breach of Warranty, §440.2714;*

g. *Award damages, costs and attorneys fees for Revocation of Acceptance, M.C.L. §440.2608, M.C.L. §440.2711;*

h. *Award damages, costs and attorneys fees for Repudiation M.C.L §440.2711;*

i. *Award damages, costs and attorneys fees for violations of the Lemon Law M.C.L. §257.1401 et seq;*

j. *Award damages, costs and attorneys fees for violations of the Motor Vehicle Sales Finance Act, M.C.L §492.101 et seq.*

k. *Grant any other relief which is appropriate, fair, and just.*

Respectfully Submitted,

/s/ Daniel C. Flint
**Law Offices of Daniel C. Flint, P.C.**
Daniel C. Flint (P73983)
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Soutfield, MI 48075
(248) 351-2683
info@danielcflint.com

Dated: October 2, 2012